**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CONGRESS/COMMONS, LLC. | ) | Case No. 12-44834 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline Cox |

**APPLICATION TO SET HEARING ON EMERGENCY MOTIONS**

Congress/Commons, LLC., as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, hereby applies to the Court to immediately set a hearing on the emergency motions set for the below (the "Motions") and in support of its application states as follows:

1.  On November 12, 2012, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As set forth in the Declaration of Brant Booker, Operating Manager for Congress/Commons, LLC., in Support of First Day Pleadings (the "Booker Declaration"), the Debtor operates eight (8) residential apartment buildings on the west side of Chicago that provide housing for low income tenants. The LLC has owned and managed these properties for the last eight (8) years. In 2010 the Debtor refinanced its existing mortgage loans by the issuance and sale of Congress/Commons, LLC Taxable Variable Rate Demand Notes, Series 2010, dated December 15, 2010 (Cusip: 20720RAA5), ("the Notes") in the principal amount of $18,5000,000. To secure the Notes, Northbrook Bank & Trust Company, successor pursuant to a Purchase and Assumption Agreement with the FDIC, receiver of the Assets and Liabilities of First Chicago Bank & Trust ("the Northbrook Bank"), issued a standby letter of credit. Because each of the buildings owned by the Debtor require substantial repairs, a portion of the Note proceeds were deposited into an account at the Northbrook Bank for the specific purpose of making

those repairs. However, the Northbrook Bank has refused the Debtor's requests for release of funds to do the necessary work. Northbrook Bank has filed a foreclosure suit in the Circuit Court of Cook County but only with respect to non-monetary defaults, *inter alia*, the failure of the Debtor to make repairs and correct building code violations. In addition, the City of Chicago has also sought appointment of a receiver for the limited purpose of collecting and paying the utility bills for the various buildings. Because the utility bills have not been kept current, the Circuit Court of Cook County has recently indicated that it may enter an order requiring the tenants to vacate the properties.. As a result, the Debtor was compelled to seek bankruptcy protection. Additional information regarding the Debtor is set forth in the Declaration of Brant Booker in Support of Debtor's Chapter 11 Petition and First Day Motions, which is incorporated herein by reference.

2. In connection with is bankruptcy filing the Debtor has filed the following Motions seeking immediate relief:

a) Motion for Entry of Interim and Final Orders (i) Authorizing the Debtor to Use Cash Collateral, (ii) Granting Adequate Protection, and (iii) Scheduling a Final Hearing;

b) Motion for Entry of an Order Pursuant to Sections 105(a), 345, and 363 of the Bankruptcy Code (i) Authorizing the Debtor to Maintain and Use its Existing Bank Accounts and Business Forms and (ii) Authorizing the Debtor to Maintain and Use its Existing Cash Management System;

c) Motion for Entry of an Order (i) Authorizing the Debtor to Remit and Pay Certain Taxes and Fees and (ii) Directing Financial Institutions to Honor all Related Checks and Electronic Payment Requests;

d) Motion for Entry of an Order (i) Authorizing the Debtor to Pay or Honor Certain Pre-petition Obligations for (a) Wages, Salaries, Bonuses, and Other Compensation, (b) Reimbursable Employee Expenses, and (c) Employee Medical

and Similar Benefits, and (ii) Directing Financial Institutions to Honor all Related Checks and Electronic Payment Requests; and

    e)    Motion for Entry of an Order (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtor's Proposed Form of Adequate Assurance, (III) Establishing Procedures for Resolving Objections Thereto By Utility Providers, and (IV) Scheduling a Final Hearing Thereon.

Copies of the Motions are attached.

3.    For the reasons set forth in the Motions, the relief requested therein is necessary on an immediate basis; if such relief is not granted, the Debtor risks an interruption in its operations which would irreparably harm the Debtor, its estate, and its creditors.

4.    The immediacy of these requests relates to events that occurred after the Petition Date, primarily including threats of utility service cutoffs relating to the bankruptcy filing.

WHEREFORE, the Debtor respectfully requests that the Court (i) grant this application, (ii) allow the Motions to be heard on an emergency basis, and (iii) grant such other relief as the Court deems just and appropriate.

Dated: November 13, 2012.

                          CONGRESS/COMMONS, LLC.

                          By:  /s/ David R. Herzog

David R. Herzog
Herzog & Schwartz PC.
Attorneys for Debtor
77 W. Washington St. #1717
Chicago, Illinois 60602
(312) 977-1600